IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JAMES D. RILES,

    Plaintiff,

vs.

AUGUSTA-RICHMOND COUNTY
COMMISSION, ROBERT LEVINE,
JOANIE SMITH, and RONALD
HOUCK,

    Defendants.

CIVIL ACTION NO.
CV 116-214

# ORDER

Before the Court in the captioned matter are three separate motions to dismiss filed by Defendants Augusta-Richmond County Commission,[1] Joanie Smith, and Ronald Houck. While the motions to dismiss purport to seek dismissal of Plaintiff's entire complaint, the arguments therein only address certain of Plaintiff's claims. The motions have been fully briefed and are ripe for consideration.

---

[1] Through its motion to dismiss, Defendant Augusta-Richmond County Commission states that it has been misidentified, contending that "Augusta, Georgia" is the proper party defendant. It appears from the complaint that Plaintiff is suing his employer, the body politic - Augusta-Richmond County. The Court will not change the caption or direct the substitution of a party name except upon motion. For purposes of the instant motion, however, the Court will refer to this Defendant as "the County."

## I. BACKGROUND

On December 27, 2016, Plaintiff James D. Riles, through counsel, filed the instant employment discrimination case. The complaint alleges that Plaintiff has been an employee of the County for 11 years with the Recreation, Parks, and Facilities Department. (Compl., ¶ 10.) Plaintiff applied for but was denied the position of Facilities Supervisor on or about February 6, 2014. (Id. ¶¶ 11-12.) Plaintiff, a black male, claims he was qualified for the position but was denied because of his race. (Id. ¶¶ 13-16, 19.) On February 19, 2014, Plaintiff filed a complaint with the Augusta-Richmond County Equal Employment Opportunity Office. (Id. ¶ 29.) Plaintiff further alleges that thereafter, he was denied other positions within the Recreation, Parks, and Facilities Department because of his race and in retaliation for filing the first EEO complaint. (Id. ¶¶ 20-27, 34.) Plaintiff further claims he was denied other positions in retaliation for filing a complaint with the Equal Employment Opportunity Commission in June 2014. (Id. ¶¶ 38-40.)

Upon these allegations, Plaintiff alleges a violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. (Id. § 44.) Nevertheless, in the introductory paragraph of the complaint, Plaintiff cites not only to § 1983 and the Equal

Protection Clause but also "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*" and "Title I of the Civil Rights Act of 1991 - 42 U.S.C. § 1981." (Compl. at 1.) Through their motions to dismiss, Defendants seek to dismiss any claims under Title I of the Civil Rights Act of 1991, which is codified at 42 U.S.C. § 1981a, and § 1981.[2] Moreover, the individual Defendants, Smith and Houck, seek dismissal of the official capacity claims against them as duplicative of the claims against the County, and they seek dismissal of any claims against them in their individual capacities. The Court will now resolve these issues.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately

---

[2] Title I of the Civil Rights Act of 1991 is codified at 42 U.S.C. § 1981a. It is unclear from the complaint whether Plaintiff was referring to § 1981a when he listed "Title I of the Civil Rights Act of 1991 - 42 U.S.C. § 1981" or whether he was referring to both § 1981a and § 1981. See Olmstead v. Taco Bell Corp., 141 F.3d 1457, 1462 (11th Cir. 1998) (acknowledging the potential for confusion in differentiating between the amendments to Title VII embodied in § 1981a and the cause of action created in § 1981). Because Defendants have interpreted the language to state claims under § 1981a and § 1981, the Court will address both herein as well.

Of note, Plaintiff all but concedes that he does not have an independent claim under either statute, stating that his complaint is "based primarily upon Defendants' collective violations of Title VII and the Fourteenth Amendment." (Pl.'s Resp. in Opp'n to Mots. to Dismiss, Doc. 16, at 2.)

3

prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991).

4

## III. LEGAL ANALYSIS

### A. 42 U.S.C. § 1981

Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." However, § 1981 does not provide an independent cause of action against state actors. Butts v. Cnty. of Volusia, 222 F.3d 891, 894 (11th Cir. 2000). Rather, 42 U.S.C. § 1983 is the exclusive federal remedy for violations by state actors of the rights guaranteed by § 1981. Bryant v. Jones, 575 F.3d 1281, 1288 n.1 (11th Cir. 2009) (citing Butts, 222 F.3d at 894-95). Plaintiff's complaint sets forth a § 1983 claim wherein he claims that Defendants have violated his equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution. Any § 1981 claim Plaintiff has attempted to bring merges into his § 1983 claim. Accordingly, Defendants' motions to dismiss any § 1981 claim are hereby **GRANTED**.

### B. 42 U.S.C. § 1981a

Section § 1981a broadened the remedies available to successful Title VII litigants. See 42 U.S.C. § 1981a, 2000e-5(g). It does not provide an independent cause of action. Satterfield v. Bd. of Trustees of Univ. of Ala., 2016 WL 6916828 (N.D. Ala. Feb. 26, 2016); King v. Fulton Cnty. of

5

Ga., 2009 WL 1322341 (N.D. Ga. May 11, 2009). Accordingly, Defendants' motions to dismiss any § 1981a claim are hereby **GRANTED**.

C. <u>Individual Capacity Claims</u>

In this case, it is unclear from the complaint whether Plaintiff has asserted a claim against the individual Defendants, Smith and Houck, in their individual capacities. The word "individual" does not appear in the complaint. However, Plaintiff seeks punitive damages, which are only recoverable against government officials in their individual capacities. See <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 268-70 (1981); see also <u>Scott v. Estes</u>, 60 F. Supp. 2d 1260, 1274 (M.D. Ala. 1999) (holding that county cannot be liable for punitive damages under Title VII or § 1983). Accordingly, the Court will presume that Plaintiff is suing Smith and Houck in their official and individual capacities under Title VII and § 1983.

With respect to Plaintiff's claims under Title VII, individual capacity suits are inappropriate because the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of Title VII. <u>Cross v. Ala. Dep't of Mental Health & Mental Retardation</u>, 49 F.3d 1490, 1504 (11th Cir. 1995) (holding liability under Title VII is limited to official

capacity claims); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).

Contrary to Title VII, individual employees can be held liable for discrimination under § 1983. And at this point, Defendants have presented no legal argument or authority to dismiss Plaintiff's individual capacity claims under § 1983 for violation of his equal protection rights.

Upon the foregoing, Defendants Smith and Houck's motions to dismiss the individual capacity claims against them are **GRANTED** with respect to Plaintiff's Title VII claims. The individual capacity claims against Defendants Smith and Houck under § 1983 remain.

D. Official Capacity Claims

Defendants Smith and Houck also move to dismiss Plaintiff's Title VII and § 1983 claims against them in their official capacities.

With respect to Plaintiff's § 1983 claims against Defendants Smith and Houck in their official capacities, Defendants contend that they are redundant of his claims against the County. The Court agrees. See Busby, 931 F.2d at 776 (holding that § 1983 suits against a municipal officer in his official capacity are functionally equivalent to suits against the municipality); Owens v. Fulton Cnty., 877 F.2d 947, 951 n.5 (11th Cir. 1989) ("For liability purposes, a suit

against a public official in his official capacity is considered a suit against the local government entity he represents."); M.R. v. Bd. of School Comm'rs of Mobile Cnty., 2012 WL 2931263, *2 (S.D. Ala. July 18, 2012) ("Plainly, then, extensive authorities illustrate the well-entrenched principle that suits against both an official in his or her official capacity and the entity that official represents are redundant and unnecessary.") (cited sources omitted).

Plaintiff points out that he is seeking prospective relief in the form of reinstatement and front pay, thus, his claims against Defendants Smith and Houck may stand. While it is true that official capacity claims for prospective relief are not treated as actions against the state for purposes of Eleventh Amendment immunity, see Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985), there is no rule that a court make a distinction between the types of damages sought in assessing whether a claim for relief is duplicative under Busby. As the Alabama district court observed: "If such a distinction existed, one would expect courts applying Busby to dismiss only the money-damages claims against the government officials in their official capacities, while allowing the injunctive and declaratory claims to proceed to trial." M.R., 2012 WL 2931263, at *3. This is not the case however. Simply put, Plaintiff's official capacity claims against Defendants Smith

and Houck are redundant of his claims against the County no matter the damages sought.[3] For this reason, Defendants Smith and Houck's motions to dismiss Plaintiff's official capacity claims against them under § 1983 are **GRANTED**.

Further, as stated previously, the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of Title VII. Busby, 931 F.2d at 772. Here, Plaintiff named the employer, i.e., the County. Thus, official capacity claims against his supervisors are unnecessary and duplicative. See, e.g., Lynn v. United Techs. Corp., 916 F. Supp. 1217, 1219 (M.D. Ala. 1996). Accordingly, Defendants Smith and Houck's motions to dismiss Plaintiff's Title VII claims against them in their official capacities are also **GRANTED**.

IV. CONCLUSION

Upon the foregoing, Defendant County's motion to dismiss (doc. 9) is **GRANTED**. More specifically, Plaintiff's claims

---

[3] Plaintiff cites Welch v. Laney, 57 F.3d 1004 (11th Cir. 1995), for the proposition that his official capacity claims for injunctive relief should stand. However, in Welch, the entity that the individual defendants represented was not a party to the lawsuit. That is, the Welch plaintiff was able to maintain his official capacity claims against the Sheriff and the Chief Deputy Sheriff for injunctive relief because the entity they represented was not a party. For this reason, Welch is inapposite as the County has been named as a defendant in the instant action.

under § 1981a and § 1981 are dismissed; his claims of discrimination and retaliation under § 1983 and Title VII remain. Defendants Smith and Houck's motions to dismiss (doc. 10 & 11) are **GRANTED IN PART** and **DENIED IN PART**. More specifically, Plaintiff's claims under § 1981a and § 1981 are dismissed. Plaintiff's claims against Defendants Smith and Houck in their individual capacities under Title VII are dismissed, but his individual capacity claims against them under § 1983 will stand. Plaintiff's claims against Defendants Smith and Houck in their official capacities under Title VII and § 1983 are dismissed.

Finally, the Court exercises its discretion to not award attorney's fees and costs associated with filing the motions to dismiss to Defendants as requested.

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of August, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA