IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JAMES D. RILES, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. |
| | * CV 116-214 |
| AUGUSTA-RICHMOND COUNTY COMMISSION, ROBERT LEVINE, JOANIE SMITH, and RONALD HOUCK, | * |
| Defendants. | * |

## O R D E R

Before the Court in the captioned matter is a motion to dismiss filed by Defendant Robert Levine. The motion is identical to the motions to dismiss filed by the other individual defendants, Defendants Joanie Smith and Ronald Houck, except that Defendant Levine has asserted an additional ground. More particularly, like his co-defendants, Defendant Levine moves to dismiss any claims under Title I of the Civil Rights Act of 1991, which is codified at 42 U.S.C. § 1981a, and 42 U.S.C. § 1981.[1] Also like his co-defendants, Defendant

---

[1] Title I of the Civil Rights Act of 1991 is codified at 42 U.S.C. § 1981a. It is unclear from the complaint whether Plaintiff was referring to § 1981a when he listed "Title I of the Civil Rights Act of 1991 - 42 U.S.C. § 1981" or whether he was referring to both § 1981a and § 1981. See Olmstead v. Taco Bell Corp., 141 F.3d 1457, 1462 (11th Cir. 1998) (acknowledging the potential for confusion in differentiating between the amendments to Title VII embodied in § 1981a and

Levine seeks dismissal of the official capacity claims against him as duplicative of the claims against the County, and he seeks dismissal of any claims against him in his individual capacity. Finally, Defendant Levine adds that service of process against him was insufficient and untimely. The motion has been briefed and is ripe for consideration.

The Court incorporates herein the statement of facts and conclusions of law in its Order of August 21, 2017 to the extent Defendant Levine's motion to dismiss is duplicative of his co-defendants' motions. Upon those facts and conclusions, the Court rules as follows: (1) Plaintiff's claims against Defendant Levine under 42 U.S.C. § 1981a and 42 U.S.C. § 1981 are dismissed; (2) Plaintiff's claims against Defendant Levine in his individual capacity under Title VII are dismissed, but the individual capacity claims against him under 42 U.S.C. § 1983 will stand; and (3) Plaintiff's claims against Defendant Levine in his official capacity under Title VII and § 1983 are dismissed.

The Court now turns to Defendant Levine's motion to

---

the cause of action created in § 1981). Defendants have interpreted the language to state claims under § 1981a and § 1981. For his part, Plaintiff all but concedes that he does not have an independent claim under either statute, stating that his complaint is "based primarily upon Defendants' collective violations of Title VII and the Fourteenth Amendment." (Pl.'s Resp. in Opp'n to Mots. to Dismiss, Doc. 23, at 2.)

2

dismiss based upon a lack of personal jurisdiction. Plaintiff filed the instant action on December 27, 2016. Defendant Levine explains that he now resides in New Haven, Connecticut, and that on May 12, 2017, copies of the Summons and Complaint were simply left on the front door step of this residence.

At the time of filing the motion to dismiss, no return of service or affidavit of service had been entered in the record of the case with respect to Defendant Levine. However, an hour and seventeen minutes after the motion to dismiss was filed, Plaintiff filed a Return of Service. The Return of Service indicates that Defendant Levine identified himself through the front door of his residence and asked the process server to leave the process in his mailbox. The process server left the process on Defendant Levine's front door step.[2]

Federal Rule of Civil Procedure 4 provides that service of process may be made upon an individual within the United States by delivering a copy of the summons and complaint to the individual personally or by leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). Here,

---

[2] The process server states that Defendant Levine "identified himself but refused to open the door." (Doc. 22.) The process server further attests that he drove by the house shortly after leaving the process to find it had been removed. (Id.)

3

Defendant Levine was identified and personally served at his residence.[3] Importantly, "a face-to-face encounter and in-hand delivery are not always necessary for proper service of process." World Entm't Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012) ("Leaving papers in the defendant's physical proximity is usually sufficient if (1) defendant actively evades service, and (2) there is clear evidence that the defendant actually received the papers at issue when allegedly served."); Hillcrest Bank, N.A. v. Anzo, 2011 WL 3299756, *3 (D. Kan. Aug. 1, 2011) (finding service sufficient when process server verified defendant's identity at his residence but defendant refused to open the door); Villanova v. Solow, 1998 WL 643686, *2 (E.D. Penn. Sept. 18, 1998) (finding service sufficient where deputy constable spoke with defendant through his front door, defendant refused to open the door, and constable announced he was putting the summons and complaint through the mail slot in the door). Upon consideration, the Court finds that service in this case in the manner described was sufficient.

Defendant Levine also complains of the untimeliness of service since he was not served within 90 days of filing the complaint. See Fed. R. Civ. P. 4(m). However, the court may

---

[3] Defendant Levine has presented no argument or evidence to dispute the circumstances relayed in the Return of Service or to contest that the Connecticut home was his dwelling place.

extend the time for service upon good cause shown.  <u>Id.</u>  Here, Plaintiff argues that he needed more time to locate Defendant Levine who had moved out of state.  The Court finds that the relocation of Defendant Levine is sufficient cause to warrant the modest extension of time to serve process in this case.  Accordingly, Defendant Levine's motion to dismiss based upon insufficient service of process is denied.

Upon the foregoing, Defendant Levine's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims against Defendant Levine under 42 U.S.C. § 1981a and 42 U.S.C. § 1981 are dismissed; Plaintiff's claims against Defendant Levine in his individual capacity under Title VII are dismissed; and Plaintiff's claims against Defendant Levine in his official capacity under Title VII and § 1983 are dismissed.  In all other relevant respects, Defendant Levine's motion to dismiss is denied.  The Court hereby exercises its discretion not to award attorney's fees and costs associated with filing the motion to dismiss to Defendant Levine as requested.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of August, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA